UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Maximus Strahan

    v.                                    Case No. 22-cv-52-LM

Sean O'Reilly, Patrick Costin,
Joseph Digregorio, James Decker,
and Cheri Patterson

### REPORT AND RECOMMENDATION

Pro se plaintiff Richard Maximus Strahan has moved for a temporary restraining order (TRO) (Doc. No. 4) against several New Hampshire state and local police officers and an official of the New Hampshire Fish and Game Department. See Fed. R. Civ. P. 65. He seeks to have the defendants enjoined from "[i]nterfering further is [sic] his ability to be a licensed driver in New Hampshire" or "[a]rresting him for any violation associated with his having a lawful" New Hampshire driver's license, without prior court approval. Pltff. Mot. (Doc. No. 4) ¶¶ 1-2. Mr. Strahan's motion was referred to the undersigned Magistrate Judge for proposed findings and recommendations. See February 9, 2022, Endorsed Order; 28 U.S.C. § 636(b)(1)(B). The defendant has not been served in this case, as preliminary review has yet to be completed. See 28 U.S.C. 1915(e)(2); LR 4.3(2). As set forth in more detail below, plaintiff's motion should be denied without prejudice.

**Background**

According to the complaint (Doc. No. 1), to which the plaintiff refers the court for the factual allegations supporting his motion, defendants Decker, Digregorio and Patterson unlawfully commanded the New Hampshire Department of Motor Vehicles to revoke plaintiff's driver's license and suspend his vehicle registration in 2019. Plaintiff was not notified of the suspension or revocation.  In February 2019, plaintiff was arrested by defendants O'Reilly and Costin for driving an unregistered car without a license. The charges were nol prossed and in April 2019, Mr. Strahan's license and vehicle registration were restored.

Mr. Strahan claims that Decker, Digregorio, and Patterson were retaliating against him for filing a suit against the State of New Hampshire under the Endangered Species Act.  He asserts that Patterson and Digregorio began plotting in 2017, conspiring to get Mr. Strahan expelled from the University of New Hampshire, to have his commercial fishing license revoked, and eventually soliciting Decker to file false criminal motor vehicle charges against him.

**Discussion**

Pursuant to Fed. R. Civ. P. 65, the court may issue a TRO without written or oral notice to the adverse party or its attorney only if:

>   (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   (B)   the movant's attorney [or the movant proceeding pro se] certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  "'[T]he requirements of Rule 65(b)(1) are not mere technicalities but establish minimum due process.  Thus, [t]o obtain ex parte relief, a party must strictly comply with those requirements." Woodard-CM, LLC v. Sunlord Leisure Prods., Inc., Case No. 20-23104-CIV-WILLIAMS, 2020 U.S. Dist. LEXIS 173105, at *2, 2020 WL 5547917, at *1 (S.D. Fla. July 29, 2020).

In this case, the plaintiff has failed to satisfy either requirement of Rule 65.  First, Mr. Strahan has failed to demonstrate that "immediate and irreparable injury, loss, or damage will result to [him] before the adverse part[ies] can be heard in opposition," as required by Fed. R. Civ. P. 65(b)(1)(A).  The complaint indicates that Mr. Strahan's license and registration were restored in April 2019.  In addition, the most recent allegation against any defendant is that "DiGregorio personally sought Strahan out on several occasions . . . continually through 2020." Compl. (Doc. No. 1) ¶ 18.  Nothing in these allegations suggests the immediacy necessary to support Mr. Strahan's request for ex parte relief.

As to the second requirement for a TRO, Mr. Strahan has given no indication that he has attempted to give notice to the defendants or why such notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B).

## Conclusion

For the foregoing reasons, plaintiff's motion for a TRO (Doc. No. 4) should be denied. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                         /s/ Andrea K. Johnstone  
                                                         Andrea K. Johnstone  
                                                         United States Magistrate Judge

February 16, 2022

cc: Richard M. Strahan, pro se