UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Richard Maximus Strahan

   v.                                                     Civil No. 22-cv-052-LM
                                                        Opinion No. 2022 DNH 101P

Sean O'Reilly, et al.

## O R D E R

Plaintiff Richard Maximus Strahan, proceeding in forma pauperis and pro se, filed a civil rights complaint against various individuals. Recently, Strahan filed what he styles as the "Revised Amended Complaint" in which he adds the undersigned as a defendant in this case. Doc. no. 65. Strahan takes issue with the court's orders directing him to cease telephonic communication with the courthouse and from abusing or harassing court employees. Strahan also takes issue with some of the court's other orders in this case, including its denial of Strahan's motion for the court to issue subpoenas and its stay of briefing on several motions to dismiss during preliminary review.

I previously denied a motion to recuse filed by Strahan premised on his threats to file a lawsuit against me. Doc. no. 66 (addressing doc. no. 62). In light of his filing of the Revised Amended Complaint, Strahan again moves for my recusal (doc. no. 67). Having reviewed the Revised Amended Complaint and Strahan's renewed motion to recuse, the court reconsiders its earlier ruling on recusal and finds that recusal is warranted in this case under 28 U.S.C. § 455(b)(5)(i).

## DISCUSSION

Under § 455(b)(5)(i), a judge must recuse herself if she is "a party to the proceeding." The First Circuit has stated in an unpublished opinion that, unless there is a legitimate basis for the suit and to prevent "judge-shopping," a judge is not required to recuse herself under § 455(b)(5)(i) when a litigant brings a lawsuit against the presiding judge. Tamburro v. City of E. Providence, 981 F.2d 1245 (Table), 1992 WL 380019, at *1 (1st Cir. Dec. 18, 1992). However, unpublished First Circuit decisions are nonbinding persuasive authority,[1] and Canon 3C of the Code of Judicial Conduct and the plain text of § 455(b)(5)(i) state that a judge cannot preside over a case in which she is named as a defendant. See Committee on Codes of Conduct, Advisory Opinion No. 103, Guide to Judiciary Policy, Vol. 2B, Ch. 2 at 187-92 (June 2009) (interpreting Canon 3C and stating that "[a]utomatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior rulings" but "[a] judge must recuse if he or she is named as a defendant in a proceeding that has been assigned to the judge"). In line with that view, the Tenth Circuit has held—also in an unpublished opinion—that it was error (albeit harmless error) for a judge to continue presiding over a suit when she had been named a defendant in the suit. Young v. United States, 316 Fed. Appx. 764, 772-73 (10th Cir. 2009) ("Under 28

---

[1] The First Circuit considers unpublished opinions "for their persuasive value but not as binding precedent." See First Circuit Rule 32.1.0(a); Narragansett Indian Tribe v. Rhode Island, 449 F.3d 16, 29 n.8 (1st Cir. 2006) (stating that an unpublished opinion "has no precedential force"); Charest v. Fed. Nat'l Mortg. Ass'n, 9 F. Supp. 3d 114, 130 n.28 (D. Mass. 2014) (considering unpublished First Circuit decision "for its persuasive value as opposed to its binding effect").

U.S.C. § 455(b)(5)(i), a judge must recuse herself when she is a party to the proceeding, and this mandatory provision required Judge Weinshienk to recuse herself from the second action.").

Critically, in many suits in which a judge continues to preside even though she has been named as a defendant, courts explicitly or implicitly apply the "rule of necessity," which allows a disqualified judge to hear a case when the case cannot be heard otherwise. See, e.g., Glick v. Edwards, 803 F.3d 505, 508-09 (9th Cir. 2015) (declining to require recusal under § 455(b)(5)(i) when plaintiff "indiscriminately sued every judge in the District of Montana"); Tapia-Ortiz v. Winter, 185 F.3d 8, 10 (2d Cir. 1999) (per curiam) (declining to require recusal of circuit judges under § 455(b)(5)(i) when "[a]ppellant sued all of the active and senior judges serving on this court at the time of his complaint"); Andersen v. Roszkowski, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988) (declining to recuse under § 455(b)(5)(i) when plaintiff amended complaint to add presiding judge as a defendant in part because "[t]he Court will not allow plaintiffs to impede the administration of justice by suing every district court judge in the Northern District of Illinois until their case is transferred out of the Seventh Circuit"). In other words, a litigant cannot abuse § 455(b)(5)(i) to obstruct judicial proceedings by reflexively suing every judge who makes rulings adverse to him. At this point, however, Strahan has not shown that he intends to add every judge who makes rulings with which he disagrees as a defendant in this case. Accordingly, the rule of necessity is not presently applicable, and recusal is the more appropriate action given the mandatory language of § 455(b)(5)(i).

## CONCLUSION

For these reasons, the court grants Strahan's motion to recuse (doc. no. 67).
The Clerk of Court shall reassign this case to another judge of this district.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

August 23, 2022

cc: Richard Maximus Strahan, pro se
    Counsel of Record